IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN PAUL COOPER (02)<br>WALTER NEIL SIMMONS (03)<br>WILLIAM F. ELDER-QUINTANA (04)<br>JEFFRY DOBBS COCKERELL (07)<br>STEVEN BERNARD KUPER (08)<br>MICHAEL JOHN KISELAK (12)<br>LIZBET VALDEZ (13) | NO. 3:16-CR-60-M |

## GOVERNMENT'S PRETRIAL MOTIONS IN LIMINE

The United States of America, by and through its counsel, respectfully requests that, before the beginning of voir dire and the presentation of any evidence in the above-entitled cause, this Court direct the defendants, counsel for the defendants, and all witnesses not to mention, refer to, interrogate concerning, or bring to the attention of the jury in any manner, directly or indirectly any of the matters identified below, without first approaching the bench and obtaining a ruling on the subject's admissibility.

## MOTIONS IN LIMINE

1. **Harm or prejudice to the defendant caused by the indictment, and/or the time under indictment.**

   Any evidence related to a negative change in a defendant's reputation or other unfavorable consequence brought about by the indictment is irrelevant under Federal Rule of Evidence 401. Further, any arguably probative value of such evidence would be substantially outweighed by the danger of unfair prejudice and the risks of confusing and

misleading the jury as to the relevant issues in the case and the jury's proper role. *See* Fed. R. Evid. 403. Such evidence would not tend to negate any element of the charged offenses nor would it constitute a defense. Instead, the only utility of such evidence would be an improper attempt to garner sympathy for the defendants, creating the impermissible risk of jury nullification.

## 2.     Defendant's Potential Sentence or Conditions of Imprisonment.

It is well established that a jury may not, in reaching its verdict, consider any possible sentence that might be imposed following conviction. *See Shannon v. United States*, 512 U.S. 573, 579 (1994) (*citing Rogers v. United States*, 422 U.S. 35, 40 (1975)). This principle "is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict." *Id*. at 579; *see also Rogers*, 422 U.S. at 40 (unless specifically authorized by statute, juries have no sentencing function and must reach their verdicts "without regard to what sentence might be imposed"); *see generally Fifth Circuit Pattern Jury Instructions* § 1.20 (Caution – Punishment).

In *United States v. Cook*, 776 F. Supp. 755, 757 (S.D.N.Y. 1991), the district court granted the government's motion in limine requesting the defense counsel be prohibited from cross-examining witnesses in a "manner calculated to alert the jury to the penalties defendants face on trial." *Id*. at 756. The rationale for the court's ruling was sound:

> The function of the jury in a criminal trial is to determine guilt or innocence based upon an impartial consideration of the evidence, unswayed by emotion, fear or prejudice. Where the jury is permitted to speculate concerning a defendant's possible punishment, a jury cannot properly perform that function.

*Id.* at 757 (citations omitted); *see United States v. Walton*, 552 F.2d 1354, 1364 (10th Cir. 1977) (exclusion of cross-examination concerning the witness's knowledge of the maximum penalty for the crime charged upheld).

The only utility of such evidence or argument would be an improper attempt to garner sympathy for the defendants, creating the impermissible risk of jury nullification.

The foregoing motion applies only to those defendants who have pled not guilty. Evidence and argument concerning the terms of plea agreements entered into by testifying codefendants, including the potential range of punishment they face, should be permitted.

**3.     Potential consequences of a conviction on the defendant's professional license, employment opportunities, or future earning capacity.**

Several defendants hold professional licenses and many still work in the health care industry. Although the government does not exert any control over state medical boards, chiropractic boards, or pharmacy boards, the government is aware that these regulatory bodies frequently take disciplinary action against their licensees who are convicted of federal health care crimes. Federal health care programs also frequently exclude providers from participating in their systems following such convictions.

Accordingly, any evidence or argument relating to these potential consequences is irrelevant under Federal Rule of Evidence 401.  As with the potential punishment a defendant may face, the only utility of such evidence would be an improper attempt to garner sympathy for the defendants, creating the impermissible risk of jury nullification.

**4.    Using an agent's report of interview to impeach a witness (not the author agent).**

The government has provided broad discovery, including the agent reports of interview for the government's witnesses at trial.  Those reports or memorandum of interviews, e.g. FBI 302s and DCIS Form 1s, are not statements of the person interviewed, rather an agent's summary.  The reports are not statements within the meaning of the Jenks Act.  18 U.S.C. § 3500.  Thus, the Court should preclude the defense from introducing the contents of the reports to impeach witnesses during cross-examination, publishing the contents of the reports to the jury, or otherwise suggesting to the jury that the reports are statements of the witnesses who did not write or adopt them.

The defense should be limited to using those agent reports consistent with the law and rules of evidence.  In particular, the Court should not allow the defense to introduce the contents of the reports to impeach witnesses if the defense claims an inconsistent statement, because the reports are not the statements of the witnesses.  Moreover, the defense should not publish the contents of the reports to the jury, or otherwise suggest to the jury that the report is a statement of the witness.  To allow otherwise would subvert the meaning of the Jencks Act and the Supreme Court's decision in *Palermo v. United States*, 360 U.S. 343, 350 (1959), which held that it would "be grossly unfair to allow the

defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigator's selections, interpretations, and interpolations."

The defense may ask a witness whether he or she made a statement that is reflected in an agent report. However, if the defense is not satisfied with the witness's answer, the defense may not publish or introduce the contents of the agent report as a prior inconsistent statement. *See United States v. Brika*, 416 F.3d 514, 529 (6th Cir. 2005) (holding that "such documents [FBI 302s] have been deemed inadmissible for impeaching witnesses on cross-examination"), abrogated on other grounds by *United States v. Booker*, 543 U.S. 220 (2005); *United States v. Leonardi*, 623 F.2d 746, 757 (2d Cir. 1980) (holding that because "the written statement of the FBI agent was not attributable to [the witness]," it was "properly rejected as a prior inconsistent statement"); *United States v. Hill*, 526 F.2d 1019, 1026 (10th Cir. 1975) (upholding the trial court's decision to "not allow counsel to use the 302 statement to impeach a witness because the witness did not prepare or sign the document and probably never adopted it").

Moreover, the defense may not use an agent's report in a way that suggests to the jury that the report is a statement of the witness. "An agents' reports of witness interviews or debriefings may contain phrases or isolated sentences identical to the language used by the witness, but this does not necessarily make such notes a statement for Jenks Act purposes unless they are substantially verbatim, contemporaneously recorded transcripts … or are written … or otherwise ratified by the witness." *United*

*States v. Alvarez*, 561 Fed. App'x 375, 387 (5th Cir. April 8, 2014) (internal quotations and citations omitted).

5. **Discovery in this case, including the volume, timing of disclosure, or the use of federal resources.**

Any attempt by the defendants to use the volume and timing of discovery is irrelevant. Fed. R. Evid. 401, 402. If, however, the Court determines such testimony to be relevant to a fact issue, such matters are inadmissible under Fed. R. Evid. 403 as any arguably probative value would be substantially outweighed by the danger of unfair prejudice and confusing and misleading the jury as to the relevant issues and the jury's function.

Any issues regarding discovery in the case—whether raised by the government or the defendants—should be raised outside of the presence of the jury.

6. **Arguments that a defendant is not guilty because the government did not indict others who participated in the scheme.**

Any statements regarding any other person not charged in the second superseding indictment, whether or not any other individual has been or will be charged with a crime, is not relevant to the guilt of the defendants. *United States v. Thompson*, 253 F.3d 700 (5th Cir. 2001) (upholding granting government's motion in limine to prevent defense counsel from comparing defendant's conduct with that of other uncharged or immunized witnesses); *United States v. Armstrong*, 517 U.S. 456, 463 (1996) ("[a] selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by

the Constitution"); *United States v. Briggs*, 514 F.2d 794, 802-04 (5th Cir. 1975) (holding grand jury naming unindicted co-conspirators in indictment without right to defend in court violated due process rights); *United States v. Webster*, 162 F.3d 308, 333 (5th Cir. 1998) (noting the decision to prosecute one person and not another is proper exercise of executive discretion with which [courts] are reticent to interfere); *United States v. Jeong*, 624 F.3d 706, 713 (5th Cir. 2010) ("the decision to prosecute is particularly ill-suited to judicial review" and the United States government "retains broad discretion as to whom to prosecute") (citing *Wayte v. United States*, 470 U.S. 598, 607 (1985)). Any statements to that effect are only meant to prejudice the jury; therefore, the statements offer no probative value. Fed. R. Evid. 403.

In accordance with the Fifth Circuit's Pattern Jury Instruction No. 1.19, the government will also ask the Court to instruct the jury that they are only to consider only the crimes charged and that they are not "called upon to return a verdict as to the guilt of any other person or persons." Assuming the Court will give this standard instruction, permitting argument by defense counsel in the form of drawing comparisons with uncharged individuals would be tantamount to a request for jury nullification.

7. **Existence or applicability of a safe harbor or legal exception to the Anti-Kickback Statute without laying the factual predicate.**

A factual predicate is required in order for a defendant to raise an affirmative defense under the federal Anti-Kickback Statute (AKS). *United States v. Job*, 387 Fed. App'x 445, 455 (5th Cir. 2010) ("A sufficient foundation for an affirmative defense (such as the safe-harbor exception) consists of evidence sufficient for a reasonable jury to find

in the defendant's favor."). In the absence of establishing a factual predicate, stating that a safe harbor or legal defense exists to the AKS is not relevant and would likely confuse and mislead the jury as to the relevant issues in the case and the jury's proper role. Fed. R. Evid. 401, 403.

8. **Arguments that a defendant's compliance with a federal subpoena or voluntary submission for an interview is not guilty, or by doing so mitigates his/her guilt.**

Comments, statements, arguments, and evidence regarding compliance with a federal subpoena or providing an interview do not have any tendency to make any fact of consequence more or less probable in this case. Thus, such comments, statements, arguments, and evidence are irrelevant. Fed. R. Evid. 401.

## CONCLUSION

The government respectfully asks this Court to grant these motions in limine.

ERIN NEALY COX
UNITED STATES ATTORNEY


*/s/ Douglas B. Brasher*
DOUGLAS B. BRASHER
Assistant United States Attorney
Texas State Bar No. 24077601
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8604
Facsimile:   214-659-8802
Email:  douglas.brasher@usdoj.gov

*/s/ Renee M. Hunter*
RENEE M. HUNTER
Assistant United States Attorney
Texas State Bar No. 24072942
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8798
Facsimile:   214-659-8800
Email: renee.hunter@usdoj.gov


*/s/ Ryan Raybould*
RYAN RAYBOULD
Assistant United States Attorney
Kansas State Bar No. 25429
1100 Commerce Street, 3rd Floor
Dallas, Texas  75242
Telephone:   214-659-8713
Email: ryan.raybould2@usdoj.gov

## CERTIFICATE OF CONFERENCE

I certify that I conferred with defense counsel as set forth below, and their positions are as follows:

| Attorney | Defendant | Position | Communication | Date |
|---|---|---|---|---|
| Ryne Sandel | John Paul Cooper | No Position | Email | 06/20/19 |
| Shirley Lobel | Walter Neil Simmons | No response as of time of filing | | |
| Mary Stillinger | William F. Elder-Quintana | No response as of time of filing | | |
| Sean Buckley | Jeffry Dobbs Cockerell | Opposed as overbroad and having a chilling effect upon the right to present a defense | Email | 06/20/19 |
| Arianna Goodman | Steven Bernard Kuper | Opposed | Email | |
| Nicole Knox | Michael John Kiselak | Opposed | Email | 06/20/19 |
| James Bell | Lizbet Valdez | No response as of time of filing | | |

*/s/ Douglas B. Brasher*
DOUGLAS B. BRASHER

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2019, I electronically filed the foregoing motion with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to counsel of record for all defendants.

*/s/ Douglas B. Brasher*
DOUGLAS B. BRASHER