IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN PAUL COOPER (02)<br>WALTER NEIL SIMMONS (03)<br>WILLIAM F. ELDER-QUINTANA (04)<br>JEFFRY DOBBS COCKERELL (07)<br>STEVEN BERNARD KUPER (08)<br>MICHAEL JOHN KISELAK (12) | NO. 3:16-CR-60-M |

**GOVERNMENT'S OMNIBUS RESPONSE TO
DEFENDANTS' GENERAL PRETRIAL MOTIONS**

The United States of America ("government"), by and through its counsel, submits this omnibus response to the defendants' general pretrial motions.

**I.   Various Defendants' Requests to Adopt Co-Defendants Pretrial Motions (Dkt. 563, 569, 575.) – Unopposed**

Defendants seek to adopt any pretrial motions of their codefendants that are applicable to them. The government does not oppose these requests. The government asks that the court construe the government's opposition to any pretrial motion against the adopting defendants as well.

**II.  Various Defendants' Requests to Produce Evidence Favorable to the Defense (Dkt. 529, 559, 562, 565, 574.) – Unopposed**

Defendants seek an order directing the government to produce all exculpatory evidence, evidence that could lead to the discovery of exculpatory information, impeachment evidence, and all other evidence that could be favorable to the defense

including, but not limited to, 18 enumerated categories of documents. The government does not oppose these requests. The government is aware of, has complied with, and will continue to comply with, its discovery obligations under the Federal Rules of Criminal Procedure, *Brady*, *Giglio*, *Jencks*, 18 U.S.C. § 3500, and the rules of this Court.

### III. Various Defendants' Request for Early Jencks Disclosure (Dkt. 528, 531, 558.) – Opposed

Defendants seek an order to disclose all statements within the meaning of the Jencks Act, 18 U.S.C. § 3500, not less than one week prior to the commencement of the trial. (Dkt. 531.) The government is aware of, has complied with, and will continue to comply with, its discovery obligations under 18 U.S.C. § 3500, Local Rules, judge specific requirements, and trial scheduling orders. The Jencks Act does not require disclosure until after the witness has testified at trial. 18 U.S.C. § 3500(b). In compliance with the above and in accordance with local custom, the government intends to disclose all statements within the meaning of the Jencks Act on the morning the relevant witness is expected to testify.

### IV. Defendant Elder's Request for Additional Identifying Markers within Discovery (Dkt. 574.) – Opposed

Defendant Elder seeks a written index of his text messages, emails, and audio recordings within the discovery file. (Dkt. 574.) The government must disclose to the defendant and make available for inspection relevant written or recorded statements, but there exists no obligation to further identify the materials. Fed. R. Crim. P. 16(a)(1)(B). "The plain language of Rule 16 does not require the government to specify from among the universe of discovery documents produced to defendants which documents it

considers material to the defense." *United States v. Causey*, 356 F. Supp. 2d 681, 686-87 (S.D. Tex. 2005). Accordingly, the government is not required to specify which documents apply to Elder. The government has produced discovery in a searchable format in this case. The government will exchange its trial exhibit list and a copy of its trial exhibits, which will include a number of texts, emails, and recordings, on or before July 9, 2019, in accordance with the Court's trial scheduling order. (Dkt. 437.)

V.  **Various Defendants' Requests for Rule 404(b) Notice (Dkt. 526, 546, 548, 557, 561, 568.) – Partially Opposed**

Defendants seek an order directing the government to notify the defendants of the government's intent to use evidence of other crimes, wrongs, or other bad acts of the defendants pursuant to Rule 404(b) and Rule 609 of the Federal Rules of Evidence. The government agrees to provide notice to the extent required under Rule 404(b) of any extraneous acts.

Defendant Kiselak seeks a pretrial evidentiary hearing on the admissibility of any 404(b) evidence the government intends to offer against him. (Dkt. 526, at 3.) While such a hearing is not precluded by Rule 404(b), it is also not required. *See* Fed. R. Evid. 404, advisory committee's note to the 1991 amendment. The government will comply with its obligations under Federal Rule of Evidence 404(b) and provide reasonable notice of and 404(b) evidence. Under Rule l02 of the Federal Rules of Evidence, the "rules should be construed so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination." Fed. R. Evid 102.  Here, a pretrial 404(b) hearing for

Kiselak, and every defendant that has adopted his motion, would create a multitude of unnecessary mini trials, draining the government's resources, and wasting the court's time.

Defendant Simmons seeks an order requiring the government to disclose any 404(b) evidence and the government's intended use of such evidence by June 28, 2019. (Dkt. 568, at 6.) The government will comply with its 404(b) obligation to give the defendant's reasonable notice of any 404(b) evidence in accordance with the rule. However, the defendant's requested date is not reasonable given that the court's deadline for the government to submit *this* motion response is 11:59 P.M. on June 28, 2019. Additionally, the government has already provided notice regarding potential 404(b) evidence to Simmons' counsel and all parties. (*See* Dkt. 552.)

## VI.   Various Defendants' Requests for Written Disclosure of Grants of Immunity / Plea Bargains (Dkt. 530, 556.) – Unopposed

Defendants seek an order directing the government to notify them in writing of plea agreements, offers of immunity, promises of lenience, threats of prosecution, promises of assistance, or other benefits made to its trial witnesses, cooperators, or anyone else who provided information to the government. The government does not oppose this request. The government intends to produce the sealed plea agreement supplements of its cooperating witnesses as soon as the Court grants the government's motion for authorization to do so. (*See* Dkt. 554.) As stated above, the government is aware of, has complied with, and will continue to comply with, its discovery obligations.

## VII. Defendant Kiselak's Request for Interview Notes (Dkt. 528.) – Opposed

Defendant Kiselak seeks an order requiring the government to produce all of the raw interview notes created by its agents during the investigation in this matter. The government opposes this request because an interviewers notes fall under *Palermo's* exceptions to disclosure. In *Palermo v. United States*, the Supreme Court held that the Jencks Act is meant to restrict the defendant's use of discoverable statements to impeachment. 360 U.S. 343, 349 (1959). Accordingly, "only those statements which could properly be called the witness's own words should be made available to the defense." *Id.* at 352. The Supreme Court went on to elaborate that "summaries of an oral statement which evidence substantial selection of material" or "statements which contain [an] agent's interpretations or impressions" are "not to be produced." *Id.* at 352-53.

An investigator's raw interview notes fall under this definition. Although such notes may be contemporaneously written during the interview, they too contain and reflect the thought processes and interpretations of the investigator. Unless the raw interview notes constitute a substantially verbatim recital of the witness's statement, or have been adopted by the witness, they are not discoverable under the Jencks Act, even if they contain occasional quotations of the witness. *United States v. Cole*, 634 F.2d 866, 867 (5th Cir. 1981); *see United States v. Brown*, 303 F.3d 582, 590 (5th Cir. 2002) ("Rule 16(a)(1)(A) does not grant a criminal defendant a right to preparatory interview notes where the content of those notes have been accurately captured in a type-written report, such as a 302, that has been disclosed to the defendant.")

To the extent that the defendants seek their own statements, or any other written or recorded statement made or adopted by a witness, the government has complied, and will continue to comply, with its discovery obligations.

### VIII. Various Defendants Requests for *James* Hearings (Dkt. 527, 560, 576.) – Opposed

Defendants seek a pre-trial *James* hearings to determine the admissibly of coconspirator statements under Rule 801(d)(2)(E) of the Federal Rule of Evidence. The government opposes this motion because it would unnecessarily prolong trial proceedings. Additionally, the government opposes providing a pre-trial road map of the particular and statements made by the defendants' coconspirators that the government intends to offer a trial. Judicial efficacy is best served by this Court determining the status of the underlying conspiracy when a Rule 801(d)(2)(E) issue is raised at trial and not before.

Granting defendants' request to determine the admissibility of all possible coconspirator statements before trial would counteract the purpose of the Federal Rules of Evidence.  Under Rule 102 of the Federal Rules of Evidence, the "rules should be construed so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination." Fed. R. Evid 102. Here, a pretrial *James* hearing for every defendant that has adopted this motion, would create a multitude of unnecessary mini trials, draining the government's resources, and wasting the Court's time. *See United States v. Morgan*, 2002 WL 1159706, *2 (E.D. La. May 30, 2002) (hearing for co-

conspirator statements denied because it was "unnecessary and wasteful" and to do so "would amount to two trials").

This court should exercise its discretion in accordance with the Fifth Circuit's established practice deciding a *James* issue during trial, not before. *See United States v. Fragoso*, 978 F.2d 896, 900 (5th Cir. 1992) (approving "district courts' practice of carrying a *James* motion through trial or at least through presentation of the government's case until a determination of the existence of the Rule 801(d)(2)(E) predicate facts can be appropriately made" because preliminary proof of a conspiracy is not always "reasonably practicable" before admitting the coconspirator statements).

## IX.  Defendant Simmons' Request for Pretrial Disclosure of Unindicted Coconspirators (Dkt. 576.) – Opposed

Defendant Simmons seeks pretrial disclosure of the identities of all unindicted coconspirators. The government opposes this motion. Disclosure of unindicted coconspirators should "not be granted when it is being used only to obtain a list of the government's witnesses. Rather, the trial court should grant the motion for a bill of particulars when the information is necessary for the defendants to prepare for trial. The defendants are obliged to show that they will be prejudiced if they do not receive the information sought." *United States v. Holy Land Found. For Relief & Dev.*, 2007 U.S. LEXIS 7675 (N.D. Tex. 2007) (citation omitted).

The government contends that the names of unindicted coconspirators are not necessary for defendants' adequate preparation for trial. Defendants fail to demonstrate they will be prejudiced if they do not receive the identities of unindicted coconspirators.

In the interest of a fair trial, the government will submit its witness list on or before July 9, 2019, in accordance with the Court's trial scheduling order (Dkt. 437.)

## X. Defendant Valdez's Request for Additional Time for Voir Dire (Dkt. 573.) – Moot/Opposed

Defendant Valdez sought one hour and thirty minutes to conduct her individual Voir Dire. Valdez has since entered into a plea agreement with the government and is scheduled to plead guilty before trial. This request is therefore moot. To the extent other defendants have adopted the request and it is not moot, the government is opposed. The government believes the Court's ordinary procedures for jury selection are appropriate in this case. The government believes that the Court and the parties can select a jury within the normal timetable of cases in this district.

## XI. Defendants' Joint Request for Additional Peremptory Challenges (Dkt. 555.) – Opposed

Defendants seek three strikes per defendant, bringing their combined strikes to eighteen in contrast to the government's six strikes. In support of the defendants' request for additional peremptory challenges, defendants assert that because not every defendant is charged with the exact same number or type of crime "there may be conflicts regarding the types of jurors that each Defendant needs to challenge to ensure an impartial and fair jury." (Dkt. 555, at 2.) Additionally, defendants state that "interviews the government has provided, furthermore, indicate that some of the Defendants may in fact assert defenses that are inconsistent with one another." (Dkt. 555, at 2.) However, the defendants fail to identify any specific adversarial defenses. The defendants' request is excessive, as they

have not shown a clear conflict of interest. It is also impractical given the size of the panel that would be necessary to accommodate that many strikes.

The government recognizes actual defense conflicts of which it is not aware may exist. Accordingly, the government takes the position that if the court allows additional peremptory challenges to the defense, then the government requests an additional proportionate share of peremptory challenges.

There is no constitutional right to a particular number of defense peremptory challenges in a criminal case, so long as the defendant receives a trial by an impartial jury. *See Watson v. Camp*, 848 F.2d 89, 92 (7th Cir.), *cert. denied*, 488 U.S. 863, 109 S. Ct. 164, 102 L. Ed. 2d 134 (1988) (*citing Swain v. Alabama*, 380 U.S. 202, 219 (1965)). In a multiple-defendant case, where punishment for an offense is by imprisonment for more than one year, the "district court may allow the defendants additional peremptory challenges" and permit them to be exercised "separately or jointly." Fed. Rule Crim. Proc. 24(b).

Though Rule 24(b) does not explicitly provide the same discretion to the court to add additional peremptory challenges for the government, it is common practice to require the defense to consent to an increase in government peremptory challenges in return for an increase in the number of defense strikes. *United States v. Tucker*, 526 F.2d 279, 283 (5th Cir. 1976); *United States v. Scott*, 555 F.2d 522, 533 (5th Cir. 1977); *United States v. Mitchell,* 384 F. Supp. 564, 565 (D.D.C. 1974). If, however, the defense does not agree to an additional allowance of peremptory challenges for the government, it is not an abuse of discretion to withhold any additional peremptory challenges for the

defense. *See United States v. Tucker*, 526 F.2d 279, 283 (5th Cir. 1976); *United States v. Lopez*, 1997 U.S. Dist. LEXIS 11779*2.

## XII. Defendant Valdez's Omnibus Motion in Limine

Defendant Valdez filed a pretrial motion containing 22 separate motions in limine. (Dkt. 572.) To the extent Valdez's motion is not mooted by her plea agreement with the government and scheduled guilty plea, the government responds as follows:

### A. Valdez's Evidentiary Requests – Partially Opposed

Defendant Valdez's Motion in Limine includes several requests that require nothing more than that the government abide by the Federal Rules of Evidence. (*See* Dkt. 572.) To the extent Valdez's motion asks the government to comply with the Federal Rules of Evidence, the government is not opposed. To the extent the requests seek to impose any requirements on the government stricter than the Federal Rules of Evidence, the government is opposed.

For example, the government understands that inadmissible hearsay is not admissible (Request No.1); that it should not vouch for the credibility of its witnesses (Request No. 4); and that Rule 404(b) governs the admissibility of extrinsic bad acts (Request No. 12).

### B. Valdez's Requests Based on Incorrect Facts – Opposed

Some of Valdez's requests are based on incorrect facts or assumptions and should be denied. For example, Valdez seeks to preclude the government from mentioning health care entities "other than CMGRX" because "[n]o other health care entities or associations therewith are discussed in the indictment." (Request No. 9.) The

government opposed this request. As alleged in the indictment, the government intends to produce testimonial and documentary evidence concerning CMG RX, LLC, CCMGRX LLC, Trilogy Pharmacy (where Valdez worked), 360 Pharmacy Services, FW Medical Supplies, LLC d/b/a Dandy Drug, Dena Group, LLC, d/b/a Alpha Pharmacy. (*See* Dkt. 289.) Government witnesses may also talk about their current or prior work experience with other health care entities.

### C. Valdez's Requests with No Legal Basis – Opposed

Several of Valdez's requests cite no law or authority and should therefore be denied. *See* Request Nos. 15-22. As stated above, to the extent Valdez asks the government to comply with the Federal Rules of Evidence, the government is not opposed to these requests. To the extent the requests seek to impose any requirements on the government stricter than the Federal Rules of Evidence, the government is opposed.

### D. Valdez's Requests Addressed Above

The following requests by Valdez have been addressed above: Request No. 4 (*James* hearing); Request No. 7 (Unavailable Co-Conspirators).

### E. Witnesses' Opinion Regarding Defendant's Intent or Knowledge – Opposed

Valdez's request to preclude witness testimony containing opinions on defendants' specific intent or state of mind (Request No. 2) should be denied because the testimony that the government plans to elicit from its witnesses on this subject will be based on their personal knowledge and perception. *See United States v. Evans*, No. 17-20158, 2018 WL 2926807, at *16 (5th Cir. June 12, 2018) (holding that witness testimony "must be based

on personal knowledge," "which can include inferences and opinions, so long as they are grounded in personal observation and experience," and that "a lay witness may state his ultimate opinion, provided that the opinion is 'based on personal perception'" (quoting *United States v. El-Mezain*, 664 F.3d 467, 495 (5th Cir. 2011), *United States v. Cantu*, 167 F.3d 198, 204 (5th Cir. 1999), and then quoting *United States v. Ebron*, 683 F.3d 105, 136-37 (5th Cir. 2012))).

### F. Guilt Assuming Hypothetical

In the event that a defendant elicits testimony from a character witness that places his or her reputation at issue, the Government does not intend to cross-examine the witness with improper questions based upon an assumption of guilt or that "str[ike] at the very heart of the presumption of innocence." *United States v. Smith-Bowman*, 76 F.3d 634, 636 (5th Cir 1996) (referring to *United States v. Candelaria-Gonzalez*, 547 F.2s 291, 294 (5th Cir. 1977)). (Request No. 3.)

### G. Summary Witnesses and Exhibits – Opposed

The Government intends to comply with the Federal Rules of Evidence in presenting summary witness testimony and introducing summary exhibits. *See, e.g.*, Fed. R. Evid. 1006 (governing admission of summary evidence). Defendants' request for a hearing before the admission of such evidence should be denied. (Request Nos. 5 and 6.)

### H. Valdez's Request Regarding Billing Records – Opposed

Valdez's request that the parties must approach the bench and request a hearing outside the jury before introducing billing records should be denied. (Request No. 8.) As

in virtually every health care fraud trial, the government expects the TRICARE claims data to be admitted through a business record affidavit and/or a custodial witness.

### I.      Use of the word "Coconspirator" – Opposed

Defendant Valdez's Request No. 10 appears to be a similar request made by other parties for a James hearing and/or ruling. The Government incorporates by reference its above response to the motions for a *James* Hearing.

Additionally, Valdez appears to object to references made to the defendants as co-conspirators. This objection is without merit. The Government finds it appropriate in a conspiracy case for a cooperating defendant—who has entered a guilty plea to conspiracy and/or kickback violations—to explain who they conspired with, including the remaining defendants, and who they came to an agreement with to solicit and receive kickbacks. A cooperating defendant is in a position to shed light on a conspiracy, identify co-conspirators, and, in exchange, be subject to vigorous cross-examination. The Government intends to lay the proper foundation and comply with Rule 801(d)(2)(E) during the cooperators' testimony. As the Fifth Circuit has stated, "[t]he conspiracy that forms the basis for admitting coconspirators' statements need not be the same conspiracy for which the defendant is indicted." *United States v. Arce*, 997 F.2d 1123, 1128 (5th Cir. 1993). *See also United States v. Richards*, 204 F.3d 177, 202 (5th Cir. 2000). It is essential to the testimony of a cooperator to identify and allude to who he/she conspired with to commit the crimes that are charged. Defendants' request is overbroad and does not unfairly prejudice defendants.

### J. Use of the work "kickback" –Opposed.

Defendant Valdez seeks to preclude the government and its witnesses from using the word "kickback" based on the argument that it has a legal definition and requires drawing a legal conclusion. (Request No. 11.)

This argument is routinely and summarily rejected in similar cases. The result here should be no different. The word "kickback" and similar terms are common terms that a lay witness may use in his or her vocabulary while testifying to the relevant facts of a case. *United States v. Lightle*, 728 F.2d 468 (10th Cir. 1984) (percipient witness testimony regarding nature of scheme to pay "kickbacks" in mail fraud, extortion, and tax case); *United States v. Zichettello*, 208 F.3d 72 (2d Cir. 2000) (percipient witness testimony using the terms "bribes" and "kickbacks" in RICO bribery, money laundering and witness tampering case).

Indeed, here, the government has sworn factual resumes from multiple codefendants admitting that they paid, received, or facilitated kickbacks, and stating that their codefendants engaged in the same conduct. These witnesses, and others with similar testimonies, are perfectly entitled to testify to their perceptions and understanding of the relevant facts. Moreover, to show the defendants' criminal knowledge and intent, the government intends to introduce evidence such as emails, text messages, and provider agreements, where the defendants themselves use the word "kickback," are sent materials describing kickbacks, and/or where they agree to comply with the Federal Anti-Kickback Statute. This testimony and these documents are proper evidence in this case.

### K. Law Firm Size or Resources

The government does not intend to introduce any evidence or argument about the size of the defendant's criminal attorney's law firms. (Request No. 13.) To the extent any defendant is permitted to raise an advice-of-counsel defense *(see* dkt. 567, Government's Motion in Limine Regarding Advice of Counsel Defenses), this type of evidence would be relevant and admissible.

### L. Privileges Invoked

The government is unaware of any privileges invoked by Valdez during the investigation, or discovery, and thus does not intend to make any reference to such privileges. (Request No. 14.)

## CONCLUSION

For the foregoing reasons, the government respectfully asks this Court rule on the defendants' pretrial motions in accordance with the positions stated above.

>ERIN NEALY COX
>UNITED STATES ATTORNEY
>
>*/s/ Douglas B. Brasher*
>DOUGLAS B. BRASHER
>Assistant United States Attorney
>Texas State Bar No. 24077601
>1100 Commerce Street, Third Floor
>Dallas, Texas 75242-1699
>Telephone: 214-659-8604
>Facsimile: 214-659-8802
>Email: douglas.brasher@usdoj.gov

        */s/ Renee M. Hunter*
        RENEE M. HUNTER
        Assistant United States Attorney
        Texas State Bar No. 24072942
        1100 Commerce Street, Third Floor
        Dallas, Texas 75242-1699
        Telephone:   214-659-8798
        Facsimile:    214-659-8800
        Email: renee.hunter@usdoj.gov

        */s/ Ryan Raybould*
        RYAN RAYBOULD
        Assistant United States Attorney
        Kansas State Bar No. 25429
        1100 Commerce Street, 3rd Floor
        Dallas, Texas  75242
        Telephone:   214-659-8713
        Email: ryan.raybould2@usdoj.gov

## **CERTIFICATE OF SERVICE**

     I hereby certify that on June 28, 2019, I electronically filed the foregoing response with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to counsel of record for all defendants.

        */s/ Douglas B. Brasher*
        DOUGLAS B. BRASHER