IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| v. § | No. 3:16-CR-00060-M |
| § | |
| JOHN PAUL COOPER (02) § | |
| WALTER NEIL SIMMONS (03) § | |
| WILLIAM F. ELDER-QUINTANA (04) § | |
| JEFFREY DOBBS COCKRELL (07) § | |
| STEVEN BERNARD KUPER (08) § | |
| MICHAEL JOHN KISELAK (12) § | |

**DEFENDANTS' JOINT MOTION IN LIMINE TO
EXCLUDE THE TESTIMONY OF
EXPERT OPINION AND MEMORANDUM IN SUPPORT**

TO THE HONORABLE BARBARA M.G. LYNN, CHIEF UNITED STATES DISTRICT JUDGE FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION:

Comes now, Defendants JOHN COOPER, WALTER SIMMONS, WILLIAM ELDER-QUINTANA, JEFFREY COCKRELL, STEVEN KUPER, and MICHAEL KISELAK, by and through their attorneys of record, and move this honorable Court to limit all opinion testimony by a lay witness to one that conforms to Fed. R. Evid. 701. Further, the Defendants move to exclude any expert opinion testimony from a lay witness as the government has not designated any witness as an expert in this matter. Defendants submit the following in support of this Motion in Limine:

## ARGUMENT and AUTHORITIES

Under Federal Rule of Evidence 701, if a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

**(a) Opinion must be rationally based on the witness's perception.**

The requirement that a witness's opinion must be "rationally based on the witness's perception" comprises two elements. First, it echoes the personal knowledge requirement of Rule 602. *United States v.* Smith, 550 F.2d 277, 281 (5th Cir. 1977). Second, it mandates that the opinion must be one that a reasonable person could draw from the underlying facts. *United States v. Riddle*, 103 F.3d 423, 428-29 (5th Cir. 1997); *Soden v. Freightliner Corp.*, 714 F.2d 498, 511 (5th Cir. 1983). This requirement thus eliminates opinions based on hearsay, speculation, and irrational reasoning. Implicit in this requirement is that courts may require a lay witness to disclose the basis for the witness's opinion so the court can determine whether the opinion is rationally based on the facts.

**(b) Helpfulness requirement**

Lay opinion testimony is also restricted to those instances in which hearing the opinion would help the jury to understand the witness's testimony or determine a fact in issue. "[T]he distinction between lay and expert witness testimony is that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony

results from a process of reasoning which can be mastered only by specialists in the field." *United States v. Yanez Sosa*, 513 F.3d 194, 200 (5th Cir. 2008). "[L]ay opinion testimony is permitted under Rule 701 because it has the effect of describing something *that the jurors could not otherwise experience for themselves* by drawing upon the witness's sensory and experiential observations that were made as a first-hand witness to a particular event." *United States v. Haines*, 803 F.3d 713, 733 (5th Cir. 2015) (citing *United States v. Freeman*, 730 F.3d 590, 595 (6th Cir. 2013) (emphasis added)). Testimony on topics that the jury is fully capable of determining for itself is not "helpful to clearly understanding the witness's testimony," Fed. R. Evid. 701, and therefore is inadmissible under Rule 701. *Haines*, 803 F.3d at 733.

**(c) No expert testimony.**

Expert testimony is admissible only if it meets the reliability requirements set forth in Rule 702. Further, Federal Rule of Criminal Procedure 16 and this Court's scheduling order require the disclosure of expert witnesses. Rule 701 ensures that litigants cannot circumvent expert testimony rules by presenting expert testimony in lay witness clothing.

Here, the government has not disclosed or designated an expert witness. As a result, the Court should exclude any expert testimony because it does not meet the *Daubert* criteria, intrudes upon the province of the Court by providing the jurors with instructions on the law, and its probative force is outweighed by unfair prejudice under Rule 403.

Should the government attempt to elicit any dual-role witness testimony, defendant objects as this information was not provided in the government's expert disclosure. Defendant also objects to any dual-role witness testimony on the grounds that it would

confuse the jury and cause unfair prejudice to the Defendants. *See United States v. Haines*, 803 F.3d 713, 730 (5th Cir. 2015).

## CONCLUSION

Expert opinion testimony is should be excluded in this matter under Federal Rule of Criminal Procedure 16 and Federal Rules of Evidence 403, 701, and 702. Defendants, therefore, respectfully request that this Court grant Defendants' Joint Motion in Limine and exclude from trial any proffered expert opinion testimony.

Respectfully Submitted,

*/s/ Nicole Knox*
NICOLE KNOX
SBN: 24069324
Email: nknox@nicoleknoxlaw.com
LAW OFFICE OF NICOLE KNOX, PLLC
3131 McKinney Ave. Suite 800
Dallas, TX 75204
Telephone: 214.740.9955
Facsimile: 214.740.9912
**Attorney for Michael Kiselak**

*/s/ James P. Whalen*

James P. Whalen
Whalen Law Office
9300 John Hickman Parkway
Suite 501, Frisco, Texas 75035
214.368.2560
**Attorney for John Cooper**

*/s/Shirley Baccus-Lobel*
Shirley Baccus-Lobel
Law Office of Shirley Baccus-Lobel
A Professional Corporation
8350 Meadow Road, Suite 186
Dallas, Texas 75231
214.220.8460
**Attorney for Walter Simmons**

/s/ Mary Stillinger
MARY STILLINGER
Texas Bar No. 19239500
401 Boston Avenue
El Paso, Texas 79902
(915) 775-0705
E-mail: stillingerlaw@sbcglobal.net
**Attorney for Defendant**
**William F. Elder-Quintana**

*/s/Jim E. Lavine*
Jim E. Lavine
Zimmermann Lavine & Zimmermann, PC
770 S. Post Oak Lane, Suite 620
Houston, Texas 77056
713.552.0300
**Attorney for Jeffrey Cockrell**

*/s/Jeffrey J. Ansley*

Jeffrey J. Ansley
Bell Nunnally & Martin LLP
2323 Ross Avenue, Suite 1900
Dallas, TX 75201
214-740-1408
**Attorney for Steven Kuper**

## CERTIFICATE OF CONFERENCE

On September 6, 2019, the undersigned counsel contacted Assistant United States Attorney, Douglas Brasher, regarding this Motion, and he stated that he is unopposed to the granting of this Motion.

*/s/ Nicole Knox*
Nicole Knox

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of this Motion was served electronically via the CM/ECF system to the Assistant United States Attorney, Douglas Brasher, on the 6th day of September 2019.

*/s/ Nicole Knox*
Nicole Knox