IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | No. 3:16-CR-00060-M |
| | § | |
| JOHN PAUL COOPER (02) | § | |
| WALTER NEIL SIMMONS (03) | § | |
| WILLIAM F. ELDER-QUINTANA (04) | § | |
| JEFFRY DOBBS COCKRELL (07) | § | |
| STEVEN BERNARD KUPER (08) | § | |
| MICHAEL JOHN KISELAK (12) | § | |

**DEFENDANTS' JOINT MOTION IN LIMINE TO
EXCLUDE GUILTY PLEAS AND CONVICTIONS OF CODEFENDANTS
AND MEMORANDUM IN SUPPORT**

TO THE HONORABLE BARBARA M.G. LYNN, CHIEF UNITED STATES DISTRICT JUDGE FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION:

NOW COME, Defendants JOHN COOPER, WALTER SIMMONS, WILLIAM ELDER-QUINTANA, JEFFRY COCKRELL, STEVEN KUPER, and MICHAEL KISELAK, by and through their attorneys of record, and file this Joint Motion in Limine to Exclude Guilty Pleas and Convictions of Codefendants. In support thereof, they state as follows:

Defendants move to exclude testimony or comment regarding the guilty pleas and convictions of their co-defendants: Richard Cesario (1), Jeffrey Fuller (5), Andrew Baumiller (6), Ravi Morisetty (9), Joe Straw (10), Luis Rios (11), and Lizbet Valdez (13). The moving defendants represent that they do not now intend to impeach any of

the above-listed codefendants with their pleas of guilty or convictions in the instant matter. Nor will the moving defendants argue that any of them should be acquitted because these co-defendants have not been prosecuted. As such, the codefendants' pleas and convictions should be excluded unless and until the defense notifies the government, before the end of direct examination, that the defendants intend to introduce that witness's plea or conviction into evidence.

## I.   ARGUMENT

Evidence of a co-defendant's plea or conviction is not admissible as substantive proof of a defendant's guilt. *United States v. Fleetwood*, 528 F.2d 528, 532 (5th Cir. 1976). The Fifth Circuit "long ago determined that '(a) defendant is entitled to have the questions of his guilt determined upon the evidence against him, not on whether a Government witness or codefendant has pled guilty to the same charge.'" *Id.* (quoting *Babb v. United States*, 218 F.2d 538, 542 (5th Cir. 1955)). "This principle is so firmly established as to be almost a maxim." *Id.* Thus, a co-defendant's conviction and guilty plea is admissible only if it serves a legitimate purpose and a proper limiting instruction is given. *United States v. Setser*, 568 F.3d 482, 494 (5th Cir. 2009). The most obvious such purpose is when the defendant seeks to impeach the witness with the conviction or plea. In that circumstance, the government may bring the matter up in direct examination to "blunt the sword" of anticipated impeachment. *United States v. Leach*, 918 F.2d 464, 467 (5th Cir. 1990). However, absent a need to immunize its witnesses from "anticipated, damaging cross-examination," the government has no proper purpose to introduce its witnesses' pleas and convictions. *Fleetwood*, 528 F.2d at 533.

"[P]leas introduced under such circumstances [are] 'improperly emphasized, or used as substantive evidence of guilt.'" *Id.* S*ee also, Leach*, 918 F.2d at 467 (plain error to admit evidence of the conviction of a coconspirator unless the defendant "instigates such admission, or attempts to exploit the evidence by frequent, pointed, and direct references to the coconspirators' guilty plea").

Whether to impeach a witness with a conviction is a decision for the defense. In this case, there is a real risk that the jury would unfairly infer the moving defendants' guilt from the pleas and convictions of their codefendants. Thus, the moving defendants have made the preliminary decision not to impeach their codefendants with their pleas or convictions, and hereby represent to the court that they currently do not intend to introduce this evidence at trial. The government therefore lacks a proper purpose for introducing the pleas or conviction, and the defense is not otherwise "inviting" their introduction. Any reference to the codefendants' pleas or convictions would serve only the improper purpose of encouraging the jury to infer the guilt of the moving defendants based upon the facts of their codefendants' guilty pleas and convictions. Accordingly, such evidence should be excluded.

Furthermore, were the government allowed to introduce evidence of the codefendants' pleas or convictions in this case; no corrective instruction could cure the prejudice to the moving defendants. "[I]n some instances information pertaining to the guilty pleas of others might so taint the trial of an individual that the error could not be cured despite a cautionary instruction." *Fleetwood*, 528 F.2d at 535. Indeed, where the guilty plea of one codefendant "necessarily implicates another," "[even] the strongest

corrective instruction would be insufficient." *United States v. Baete*, 414 F.2d 782, 783-84 (5th Cir. 1969). In this case, the government alleges a number of interrelated conspiracies and has extracted from codefendants guilty pleas to the same conspiracies with which defendants are charged. Because admissions of guilt by the codefendants necessarily implicate the moving defendants, no corrective instruction could cure the prejudicial impact of the admission of such evidence.

The defendants intend not to impeach any codefendant with his or her plea or conviction in the instant case. However, should that intention change as to any witness, the defendants will notify the government and the Court before the government completes its direct examination so as to allow the government the opportunity to "blunt the sword" by addressing the issue first.

## II. CONCLUSION AND PRAYER FOR RELIEF

For all of the above reasons, the defendants respectfully request that this Court grant their motion and exclude evidence or any mention of their codefendants' guilty pleas or convictions.

Respectfully Submitted,

*/s/ James P. Whalen*

James P. Whalen
Whalen Law Office
9300 John Hickman Parkway
Suite 501, Frisco, Texas 75035
214.368.2560
**Attorney for John Cooper**

*/s/Shirley Baccus-Lobel*
Shirley Baccus-Lobel
Law Office of Shirley Baccus-Lobel
A Professional Corporation
8350 Meadow Road, Suite 186
Dallas, Texas 75231
214.220.8460
**Attorney for Walter Simmons**

/s/ Mary Stillinger
MARY STILLINGER
Texas Bar No. 19239500
401 Boston Avenue
El Paso, Texas 79902
(915) 775-0705
E-mail: stillingerlaw@sbcglobal.net
**Attorney for Defendant**
**William F. Elder-Quintana**

*/s/Jim E. Lavine*
Jim E. Lavine
Zimmermann Lavine & Zimmermann, PC
770 S. Post Oak Lane, Suite 620
Houston, Texas 77056
713.552.0300
**Attorney for Jeffrey Cockrell**

*/s/Jeffrey J. Ansley*

Jeffrey J. Ansley
Bell Nunnally & Martin LLP
2323 Ross Avenue, Suite 1900
Dallas, TX 75201
214-740-1408
**Attorney for Steven Kuper**

/s/ *Nicole Knox*
NICOLE KNOX
SBN: 24069324
Email: nknox@nicoleknoxlaw.com
LAW OFFICE OF NICOLE KNOX, PLLC
3131 McKinney Ave. Suite 800
Dallas, TX 75204
Telephone: 214.740.9955
Facsimile: 214.740.9912
**Attorney for Michael Kiselak**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and exact copy of this Motion was served electronically via the CM/ECF system to the Assistant United States Attorney, Douglas Brasher, on the 7th day of October 2019.

/s/ *Nicole Knox*
Nicole Knox