IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN PAUL COOPER (02)<br>WALTER NEIL SIMMONS (03)<br>WILLIAM F. ELDER-QUINTANA (04)<br>JEFFRY DOBBS COCKERELL (07)<br>STEVEN BERNARD KUPER (08)<br>MICHAEL JOHN KISELAK (12) | NO. 3:16-CR-60-M |

### GOVERNMENT'S RESPONSE TO DEFENDANTS' JOINT MOTION IN LIMINE REGARDING GUILTY PLEASE AND CONVICTIONS

The government intends to make a single passing reference to the guilty pleas of each of its cooperating witness-defendants in opening statement, elicit from each cooperating witness-defendant a single statement that he or she pled guilty, and make similarly limited references to those guilty pleas in closing. The government does not intend to make any direct or indirect arguments that any of the other defendants are guilty because one or more of their codefendants pled guilty.

The government has multiple legitimate reasons to elicit the simple fact that some of its witnesses have pled guilty:

- Allow the jury to fully and more accurately assess the witness's credibility;

- Demonstrate that the witness is not unfairly blaming his codefendants or excusing his own conduct by implicating others in a crime;

- Demonstrate the reasonableness of the witness's claim to have first-hand knowledge of the crime, as people generally do not plead guilty to crimes they did not commit;

- Prevent any misimpression by the jury that the witness has not been charged with the crime he or she has admitted to have committed;

- Avoid juror confusion and curiosity and reduce the likelihood that jurors will conduct outside research to satisfy their curiosity;

- Rebut defense arguments that the conduct at issue is not illegal or not a crime;

- Rebut defense arguments of selective prosecution, including arguments that the testifying witness is more culpable than others, or that the witness is the only truly culpable person.

Any potential prejudice from the mention of a witness's guilty plea can be cured with a limiting instruction from the Court, which the government welcomes after opening statement, immediately after each witness testifies about his or her guilty plea, and again during the Court's final jury charge. Indeed, the government is not aware of any case where the Fifth Circuit has found error when the district court gave a limiting instruction following limited references to a witness's guilty plea in the manner contemplated above.[1]

---

[1] The defendants' reliance on *United States v. Fleetwood*, 528 F.2d 528, 532 (5th Cir. 1976) is misplaced. In *Fleetwood*, the Fifth Circuit held that the government's introduction of codefendants' convictions was improper due to the governments' "repeated, methodical, and essentially unnecessary questioning" of its witnesses. *Id.* at 535. The Fifth Circuit, however, was careful to note this was a fact-bound decision, explaining "[o]ur decision today turns on the facts of the instant case and the particular testimony in question," and "[w]e do not say categorically that a government witness' prior conviction or guilty plea to a crime closely connected with that of the defendant may never be introduced by the government." *Id.* at 536. Indeed, the Fifth Circuit described "that under some circumstances the government might have a legitimate evidentiary reason for bringing out testimony relating to its witnesses' prior convictions, even when those convictions are for charges similar or identical to those upon which the defendant is being charged." *Id.* at 532.

Although there are also legitimate reasons to elicit the terms of a witness's plea agreement (e.g., to show that the witness was not given a "sweetheart" deal, or to explain the relationship between the witness and the government, including why the witness has met with prosecutors), the government agrees in this case, that if this testimony and non-evidentiary argument about *guilty pleas* is permitted, and if the defendants persist in their commitment not to impeach any cooperating witness-defendant with his or her *plea agreement* or challenge his or her truthfulness while testifying, the government would not be allowed to mention or elicit any testimony about the terms of those plea agreements. However, if *any* defendant opts to impeach *any* cooperating witness-defendant with his or her plea agreement or challenges his or her credibility while testifying (as opposed to lies he or she told in the past), the government should be permitted to address the plea agreements of *all* of its cooperating witness-defendants during their direct examinations.

I.   **References to a Witness's Guilty Plea are Proper and Admissible**

   A.   **The Government May Impeach Its Own Witness**

Rule 607 of the Federal Rules of Evidence provides that "[a]ny party, including the party that called the witness, may attack the witness's credibility." Fed. R. Evid. 607. As the Fifth Circuit explained in *United States v. Alvarez*, after Rule 607 took effect, the defense argument "that the prosecution should not have been allowed to impeach its own witness is foreclosed." 548 F.2d 542, 544 (5th Cir. 1977); *see also United States v. Wooldridge*, 572 F.2d 1027, 1028 (5th Cir. 1978) (rejecting defendant's argument "that the court erred in allowing the Government to question its own witness concerning

previous felony convictions"); *United States v. Miller*, 664 F.2d 94, 97 (5th Cir. 1981) ("Clearly, the Government can impeach its own witness."). The defendants' argument that "[w]hether to impeach a witness with a conviction is a decision for the defense," is flatly contradicted by the Federal Rules of Evidence and Fifth Circuit precedent.

### B. The Government May Elicit a Testifying Defendant's Guilty Plea for Several Proper Purposes

The Fifth Circuit has repeatedly held that the admission of a testifying defendant's guilty plea, when elicited for a legitimate reason, is admissible when trial court gives a limiting instruction.[2] *See, e.g.*, *United States v. Valuck*, 286 F.3d 221, 228 (5th Cir. 2002) (codefendant's conviction admissible when given for a proper purpose and followed by a limiting instruction); *United States v. Abravaya*, 616 F.2d 250, 252 (5th Cir. 1980) (same); *United States v. Marroquin*, 885 F.2d 1240, 1247 (5th Cir. 1989); *Black*, 685 F.2d at 135 (same); *United States v. Borchardt*, 698 F.2d 697, 701 (5th Cir. 1983) (same, describing this as the "general rule in this Circuit"). Nothing about the facts of this case warrant a different conclusion.

As set forth above, the government has identified no less than seven legitimate purposes for introducing a testifying defendant's guilty plea that do not involve an improper guilt-by-association argument. Circuit Courts of Appeals, including the Fifth Circuit, have recognized several of these reasons as legitimate. *See, e.g.*, *Valuck*, 286 F.3d 221, 228 (5th Cir. 2002) (no "sweetheart" deal); *Marroquin*, 885 F.2d at 1247

---

[2] The Fifth Circuit approved the following instruction: "The fact that an accomplice has entered a plea of guilty to an offense charged is not evidence, in and of itself, of the guilt of any other person . . . [this testimony should be] received with caution and weighed with great care." *Valuck*, 286 F.3d at 228; *see also Abravaya*, 616 F.2d at 251-52.

**Government's Response to Defendants' Joint Motion**
**in Limine Regarding Guilty Pleas and Convictions—Page 4**

(same); *Black*, 685 F.2d at 135 (5th Cir. 1982) (allow government to be fully candid); *United States v. Dong Dang Huynh*, 420 F. App'x 309, 316 (5th Cir. 2011) (witness's motivation for testifying); *United States v. Davis*, 766 F.2d 1452, 1456 (10th Cir. 1985) (reasonableness of the witness's claim to firsthand knowledge); *United States v. Universal Rehab. Servs. (PA), Inc.*, 205 F.3d at 667 (witness reliability and credibility); *United States v. Cohen*, 171 F.3d 796, 801 (3d Cir. 1999) (rebut argument of unfair or selective prosecution);  The remaining reasons are so obviously legitimate that it appears no appellate court has explicitly ruled on them.

### C. The Defendants' Proposal is Unfair and Defeats the Truth-Finding Purpose of Trial

The defendants' motion should also be denied because it is unfair and defeats the truth-finding purpose of trial.  Each testifying defendant will be subject to cross-examination and impeachment by six different defense attorneys in addition to indirect impeachment through the questioning of other witnesses.  Not allowing a cooperating defendant to state in one sentence that he or she entered a guilty plea, yet letting the defense attack that witness's credibility through cross-examination, other witnesses, and/or documents, denies that witness the ability to defend himself or herself from these unwarranted attacks and completely goes against the truth-seeking process of trial.

## II. Any Challenge to a Cooperating Witness's Truthfulness While Testifying Opens to the Door to the Terms of His or Her Plea Agreement

Each of the cooperating witnesses has agreed to provide truthful testimony in exchange for the dismissal of several counts and in hopes of receiving a lower sentence

via prosecution motion.  But these benefits are contingent on their testimony being truthful, and each of them knows it.  This is a powerful motive for them to tell the truth while testifying.  Accordingly, *any* challenge to their truthfulness, whether direct, indirect, through other witnesses, or through attorney argument, opens the door to allow the government to introduce the terms of their plea agreements.  Only impeachment and argument about the witness's past untruthfulness would not open the door.

### A. Unfairness and Confusion will Result if the Defendants Accidentally or Purposefully Open the Door

The defendants' commitment to refrain from impeaching all testifying codefendants with their pleas and convictions is lofty, but not realistic.  The government will face acute and potentially irreparable prejudice if defense counsel slips up, even once.  Indeed, the government understands that such a defense slip up occurred in a recent case where defense counsel tried the tactic proposed by defense counsel here.  The government believes that during closing argument defense counsel improperly argued, in essence, that no one could know what happened to one of the testify codefendants, when in fact, everyone but the jury knew that he or she had pled guilty.  The resulting prejudice was severe.  In a trial as complex and lengthy as this, and with as many as 12 defense attorneys who may not be entirely on the same page throughout trial, the risk of similar slip-ups is high.  And should the defense slip up the remedy is to reopen the case as it relates to the cooperating witnesses to explain that he/she entered a guilty plea, which will unnecessarily lengthen trial and further confuse the jury, and may not be sufficient to cure the resulting prejudice.

### III. If Granted, Only References to Guilty Pleas, Convictions, and the Terms of Plea Agreements should be Prohibited

If the Court grants the defendants' motion, the government should be permitted to conduct extensive voir dire on accomplice testimony in order to cure the unfairness and imbalance created. This includes asking specific questions about jurors' willingness and ability to assess an accomplice's credibility not knowing whether the accomplice was charged, pled guilty, was found guilty by a jury, has been sentenced, was given immunity, had his case dismissed, or will be tried separately.

Additionally, the testifying defendants should be permitted to: (1) admit that they committed all of the essential elements of crimes with which they were charged, regardless of whether they pled guilty to those crimes; (2) state their belief that their own actions constitute violations of the law, that they intended to violate the law, and that they did, in fact, violate the law; (3) testify that they conspired with their codefendants to violate the law and that they did, in fact, violate the law together; (4) state that they have accepted responsibility for their actions and have cooperated in the seizure, forfeiture, and return of the fraudulent proceeds they obtained; and (5) discuss their remorse and explain their desire to right their wrongs by testifying truthfully in this case.

The government should also be permitted to ask the testifying defendants about their knowledge and understanding of the penal consequences to committing the crimes that they admit committing, as this understanding goes directly to the witness's credibility.

## IV. CONCLUSION

For the reasons outlined above, defendants' joint motion in limine regarding guilty pleas and convictions should be denied.

          ERIN NEALY COX
          UNITED STATES ATTORNEY

          */s/ Douglas B. Brasher*
          DOUGLAS B. BRASHER
          Assistant United States Attorney
          Texas State Bar No. 24077601
          1100 Commerce Street, Third Floor
          Dallas, Texas 75242-1699
          Telephone:   214-659-8604
          Email:  douglas.brasher@usdoj.gov

          */s/ Renee M. Hunter*
          RENEE M. HUNTER
          Assistant United States Attorney
          Texas State Bar No. 24072942
          1100 Commerce Street, Third Floor
          Dallas, Texas 75242-1699
          Telephone:   214-659-8798
          Email: renee.hunter@usdoj.gov

          */s/ Ryan Raybould*
          RYAN RAYBOULD
          Assistant United States Attorney
          Kansas State Bar No. 25429
          1100 Commerce Street, 3rd Floor
          Dallas, Texas  75242
          Telephone:   214-659-8713
          Email: ryan.raybould2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2019, I electronically filed the foregoing response via ECF.

          */s/ Ryan R. Raybould*
          RYAN R. RAYBOULD