IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN PAUL COOPER (02)<br>WALTER NEIL SIMMONS (03)<br>WILLIAM F. ELDER-QUINTANA (04)<br>JEFFRY DOBBS COCKERELL (07)<br>STEVEN BERNARD KUPER (08)<br>MICHAEL JOHN KISELAK (12) | NO. 3:16-CR-60-M |

## GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION FOR WITNESS AND EXHIBIT IDENTIFICATION

Veiled as an attempt to save time and streamline trial, the defendants seek extraordinary relief—disclosure of the government's trial strategy by requiring the government to lay out in advance, not only its witness order, but also each exhibit it intends to introduce through each witness. The government is opposed and the motion should be denied.

The government has already proposed several time saving procedures. The government has already provided the defendants with a list of over 600 defense exhibits that the government agrees to preadmit and has received nothing in response. The government has also filed a notice of intent to introduce several exhibits under FRE 902(11) and has notified defendants (well in advance of the 24 hour notice they request here) that the government's first act of trial will likely be to move those exhibits into

evidence. The defendants have had the government's witness and exhibit lists for several weeks.

The government has no objection to, and plans to fully comply with, the Court's prior order requiring early disclosure of *Jencks* material, but there is nothing compels the relief sought here.

Moreover, the procedure proposed by the defendants is impractical. In a trial such as this, where several witnesses will travel from outside the DFW area to testify (many of whom have their own personal scheduling issues), and where each witness may be subject to multiple cross-examinations, it is difficult, if not impossible to know which witnesses will be called 24 hours in advance. And it is not uncommon for parties to shift witness order based on their availability and based on strategy as the evidence is introduced.

I.  **CONCLUSION**

For the reasons outlined above, defendants' joint motion regarding disclosure of the witness order and exhibits should be denied.

>  ERIN NEALY COX
>  UNITED STATES ATTORNEY
>
>  */s/ Douglas B. Brasher*
>  DOUGLAS B. BRASHER
>  Assistant United States Attorney
>  Texas State Bar No. 24077601
>  1100 Commerce Street, Third Floor
>  Dallas, Texas 75242-1699
>  Telephone:   214-659-8604
>  Email:  douglas.brasher@usdoj.gov

*/s/ Renee M. Hunter*
RENEE M. HUNTER
Assistant United States Attorney
Texas State Bar No. 24072942
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8798
Email: renee.hunter@usdoj.gov

*/s/ Ryan Raybould*
RYAN RAYBOULD
Assistant United States Attorney
Kansas State Bar No. 25429
1100 Commerce Street, 3rd Floor
Dallas, Texas  75242
Telephone:   214-659-8713
Email: ryan.raybould2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2019, I electronically filed the foregoing response via ECF.

*/s/ Douglas B. Brasher*
DOUGLAS B. BRASHER