**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | No. 3:16-CR-00060-M |
| | § | |
| JOHN PAUL COOPER (02) | § | |
| WALTER NEIL SIMMONS (03) | § | |
| WILLIAM F. ELDER-QUINTANA (04) | § | |
| JEFFRY DOBBS COCKERELL (07) | § | |
| STEVEN BERNARD KUPER (08) | § | |
| MICHAEL JOHN KISELAK (12) | § | |

**DEFENDANTS' JOHN COOPER AND STEVEN KUPER'S JOINT WRITTEN OBJECTION TO GOVERNMENT'S EXHIBITS PURSUANT TO FRE 902(14)**

TO THE HONORABLE BARBARA M.G. LYNN, CHIEF UNITED STATES DISTRICT JUDGE FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION:

NOW COME, Defendants JOHN COOPER, WALTER NEIL SIMMONS, WILLIAM F. ELDER-QUINTANTA, JEFFRY DOBBS COCKERELL, STEVEN BERNARD KUPER, and MICHAEL JOHN KISELAK, by and through their attorneys of record, and file this their Joint Written Objection to Government's Exhibits Pursuant to FRE 902(14). Notice of these Exhibits was made in Doc. 767 and 794. This written objection is intended to cover defendants' objections to improper foundation under Fed. R. Evid. 902(14) only. Defendants reserve the right to object on any other proper grounds to the below-referenced exhibits, including but not limited to Fed. R. Evid. 401, 403, and 803. In support thereof, defendants object to lack of foundation to the following exhibits:

Page 1 of 5

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| 466 | Cellebrite Report and Extraction of Kuper's iPhone |
| 467 | Cellebrite Report and Extraction of Cooper's Galaxy Note 3 |
| 468 | Cellebrite Report and Extraction of Cooper's iPhone |

Defendants first object to the foundation of these exhibits as it appears that the affidavits contain the testimony and attestations of individuals who hold themselves out as expert witnesses. As an example, Exhibit 1 of Doc. 767 contains the attestation of John J. Downey who claims "As a computer forensic special agent, I am responsible for the lawfully authorized imaging, or extraction/copying of the contents, of electronic devices, to include cellular telephones and other mobile electronic devices. By reason of my position and specialized training, I am authorized and qualified to make this declaration as a "qualified person" under Rule 902(14) of the Federal Rules of Evidence." The other attestations contain similar language. The Government has not identified any expert witnesses in this case. As such, Defendants have had no opportunity to challenge the methodology or reliability of the processes or techniques used by these individuals in their collection of data.

Second, the individual exhibits named in the attestations attached to the 902(14) notice are not consistent with the form and format of the reports being proffered as authentic. For example, Exhibit 1 of Doc. 767 declares the following: "I further certify that Government Exhibits 371, 372, 373, 411, 412, 424, 428, 429, 432, 435, 436, 446, 456, and 458 consist of pages extracted from the above reference Report_Redacted.pdf." However, an examination of these individual exhibits does not match the actual reports Defense has been provided in either form or substance. It

appears as if the data extracted from the Cellebrite Reports (even assuming it was extracted correctly and accurately) was manipulated and used to create new documents which are to be used as evidence. Therefore, the attestations appear to have inaccuracies on their face which call into question the authenticity of the underlying data.

Finally, a certification under Rule 902(14) can only establish that the proffered item is authentic. The opponent remains free to object to admissibility of the proffered item on other grounds--including hearsay, relevance, or in criminal cases the right to confrontation. The exhibits at issue here contain a wealth of information that is highly objectionable to Defendants on many evidentiary grounds. This objection to the authenticity of the Cellebrite reports is not meant to include or to otherwise waive any other objections that Defendants might have to the reports themselves or to the exhibits, and Defendants reserve the right to voice those objections when appropriate.

## II.    CONCLUSION AND PRAYER FOR RELIEF

For all of the above reasons, the defendants respectfully request that this Court sustain their objections stated herein.

Respectfully Submitted,

*/s/ James P. Whalen*

James P. Whalen
Whalen Law Office
9300 John Hickman Parkway
Suite 501, Frisco, Texas 75035
214.368.2560
**Attorney for John Cooper**

*/s/Shirley Baccus-Lobel*
Shirley Baccus-Lobel
Law Office of Shirley Baccus-Lobel
A Professional Corporation
8350 Meadow Road, Suite 186
Dallas, Texas 75231
214.220.8460
**Attorney for Walter Simmons**

*/s/ Mary Stillinger*
MARY STILLINGER
Texas Bar No. 19239500
401 Boston Avenue
El Paso, Texas 79902
(915) 775-0705
E-mail: stillingerlaw@sbcglobal.net
**Attorney for Defendant**
**William F. Elder-Quintana**

*/s/Jim E. Lavine*
Jim E. Lavine
Zimmermann Lavine & Zimmermann, PC
770 S. Post Oak Lane, Suite 620
Houston, Texas 77056
713.552.0300
**Attorney for Jeffrey Cockerell**

*/s/Jeffrey J. Ansley*

Jeffrey J. Ansley
Bell Nunnally & Martin LLP
2323 Ross Avenue, Suite 1900
Dallas, TX 75201
214-740-1408
**Attorney for Steven Kuper**

/s/ Nicole Knox
NICOLE KNOX
SBN: 24069324
Email: nknox@nicoleknoxlaw.com
LAW OFFICE OF NICOLE KNOX, PLLC
3131 McKinney Ave. Suite 800

Dallas, TX 75204

Telephone: 214.740.9955

Facsimile: 214.740.9912

**Attorney for Michael Kiselak**

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of these objections were served electronically via the CM/ECF system to the Assistant United States Attorney, Douglas Brasher, on the 14th day of October 2019.

/s/ James P. Whalen
JAMES P. WHALEN