IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN PAUL COOPER (02)<br>WALTER NEIL SIMMONS (03)<br>WILLIAM F. ELDER-QUINTANA (04)<br>JEFFRY DOBBS COCKERELL (07)<br>STEVEN BERNARD KUPER (08)<br>MICHAEL JOHN KISELAK (12) | NO. 3:16-CR-60-M |

### GOVERNMENT'S OMNIBUS RESPONSE
### TO DEFENDANTS' PRETRIAL MOTIONS

**I.   Defendants' Challenges to the Authenticity of Bank Records, Tricare Claims Data, Express Scripts Provider Manuals, and Cellphone Extracts should be Overruled**

Authenticity is a low threshold. *United States v. Jackson*, 636 F.3d 687, 693 (5th Cir. 2011) ("The standard for authentication is not a burdensome one."); *United States v. Lundy*, 676 F.3d 444, 453–54 (5th Cir. 2012) (characterizing the proponent's burden as "low"); *United States v. Jimenez Lopez*, 873 F.2d 769, 772 (5th Cir. 1989) (holding the Fifth Circuit "does not require conclusive proof of authenticity before allowing the admission of disputed evidence"). Indeed, once the government has met the low threshold showing of authenticity, "the evidence should be admitted." *United States v. Ceballos*, 789 F.3d 607, 617-18 (5th Cir. 2015). Any alleged flaws in authentication "go to the weight of the evidence instead of its admissibility." *United States v. Isiwele*, 635 F.3d 196, 200 (5th Cir. 2011) (internal quotation marks omitted).

### A. Defendants' Objections to the Government's Notice under FRE 902(11) Lack Merit

The exhibits proffered by the government under FRE 902(11) are authentic. They have been produced in discovery long ago and have been provided to the defense in exhibit form in advance of trial. Each is supported by a business records affidavit that meets the requirements of FRE 902(11). And contrary to the defendants' assertion, there is no requirement under 902(11) that business record affidavits include page numbers.[1] The original records have always been available for inspection and no defendant or his attorney has ever asked to inspect them at any time prior to, or after, making the instant authenticity challenge.

With respect to the Express Scripts claims data, defendants conflate the requirements of 902(11) and 902(14). There is no requirement under 902(11) that a business record custodian supply hash values or similar identifying information when business records are produced in electronic format.

The defendants' complaint that they have "no way … to authenticate that the exhibit is what the custodian claims it to be" overlooks the fact that that is the very purpose of the custodian's affidavit. The defendants will be in no different position than they are now if the government is forced to parade a series of records custodians in front of the jury to repeat exactly what they have said in their affidavits—that is, that the exhibits are authentic business records.

---

[1] The defendants appear to want to have their cake and eat it too. On the one hand, they complain that one exhibit contains irrelevant records, even though all of the records are covered by one business record affidavit. On the other hand, they complain when the government included only those records that the government desires to show the jury, because the exhibit did not include all of the records referenced by the business record affidavit.

**Government's Omnibus Response
to Defendants' Pretrial Motions—Page 2**

## B. Defendants' Objections to the Government's Notice under FRE 902(14) Lack Merit

Law enforcement analyzed and extracted data from three cellphones, one belonging to Steven Kuper, and two belonging to John Cooper. The phones were processed using Cellebrite software, which is universally relied upon by forensic examiners in the public and private sector, a fact not challenged by the defendants. All of the phones contain damning text messages and images. For example:

- Deleted text messages from Kuper's phone show him discussing CBS News reports on compounding pharmacy fraud involving soldiers at Fort Hood, stating, "Well crap. CBS news is on the case down there in Killeen," and "Yes. Now it is a two part investigative report. I am waiting for either cops, news or both to show up."

- Deleted text messages from Kuper's phone show that he knew details about the Anti-Kickback Statute as early as 2011, stating in response to a text message about referrals, "An employee would fall under the anti kickback law."

- Text messages recovered from Cooper's phone show Cooper telling Cesario that "we need to donate more money to pay elders tomorrow also."

- Text messages recovered from Cooper's phone show Cooper discussing the criminal background of the compliance officer he hired and upon whom he claims to have relied as a "dumb criminal but we need his info to help us."

- Text messages recovered from Cooper's phone show Cooper—who lacks any medical education or training—telling Dr. Elder to "confirm 360 grams on pain is being written" instead of lower amounts like "240 [grams]."

- Deleted text messages from Cooper's phone show that when Cooper learned that TRICARE would be stopping payment in one month, he told Cesario, "We have 30 days … We need to spend every moment this month in office. We immediately need to double telemedicine and add 4 people in office. Provide 1000 dollar bonus for those that come in on saturdays."

- Text messages recovered from one of Cooper's phones show him discussing his frozen assets the night before his arrest with his fiancé, stating he was "more worried about the 3.1 million … We have 3 off shore" and his fiancé responding "Ok honey delete all your stuff … Restart."

Naturally, the defendants are desperate to keep these highly relevant and damaging admissions and information from the jury. Their objection under 902(14), however, lacks merit.

Recognizing that it is often a complete waste of time to require a witness to testify about the process of using software like Cellebrite to examine cellphones and other electronic devices, FRE 902 was recently amended to allow Cellebrite reports to be authenticated by affidavit. *See* FRE 902(14). That is exactly what the government has done here. Each 902(14) affidavit describes the phone that was processed, identifies that software version that was used to process the phone, provides a hash value for the resulting report, and confirms that text messages and photos that appear separately on the government's exhibit list truly did come from those phones.

Contrary to the defendants' assertion, there is no requirement that a "qualified person" who submits a 902(14) affidavit be separately qualified as an expert witness under FRE 702. Nor is there any requirement that the government list the 902(14) affiant separately as an expert witness on its witness list or provide expert disclosures under Rule 16. Indeed, the very purpose of 902(14) is make it so that an affiant—*including one who possess specialized training and knowledge*—need not testify *at all*.

This is precisely because the act of creating a Cellebrite report is ministerial in nature. To be clear, no one who processed the phones is giving expert opinion testimony

about any topic. Rather, a person who creates a Cellebrite report of a cellphone is akin to a phlebotomist who draws blood from an individual. The affiant describes how he plugged the phone into the software and the software did the rest. This ministerial action is precisely why 902(14) was added. Separately, an expert witness can opine on whether a person's blood alcohol content was over a legal limit or testify that text messages found on a phone demonstrate the violation of pharmacist's standard duty of care, but that is not the issue here.

Additionally, Kuper's last minute objection is quizzical given that his counsel previously agreed not to challenge the authenticity of the exhibits pulled from Kuper's phone. Nothing in the defendants' motion identifies what additional information caused him to suddenly reverse course on authenticity:



For these reasons, the records should be deemed authentic under rule 902(14) and the defendants' challenge to authenticity should be denied.

## II. The Court Should Deny Cockerell' Motion in Limine Regarding use of the Words "Sham Study"

Cockerell's motion to preclude use of the words "sham study" should be denied. The second superseding indictment alleges that the study was a "sham," multiple defendants have stipulated in their factual resumes that it was a sham, and some of those defendants are expected to give trial testimony consistent with their factual resumes. Calling a study that was initially developed by someone with no medical training or experience and that was used solely as a way to pay patients to get prescriptions a "sham" is not a legal conclusion nor a factual assertion that requires expert opinion testimony. The jury will not be called upon at any point to determine whether or not the study was, in fact, a "sham," as it is not an element of any crime. Accordingly there is no prejudice to any defendant for a witness who believes the study was a sham to call it a sham.

## III. CONCLUSION

The defendants' objections should be overruled and motion in limine denied.

ERIN NEALY COX
UNITED STATES ATTORNEY

*/s/ Douglas B. Brasher*
DOUGLAS B. BRASHER
Assistant United States Attorney
Texas State Bar No. 24077601
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8604
Email:  douglas.brasher@usdoj.gov

          */s/ Renee M. Hunter*
          RENEE M. HUNTER
          Assistant United States Attorney
          Texas State Bar No. 24072942
          1100 Commerce Street, Third Floor
          Dallas, Texas 75242-1699
          Telephone:   214-659-8798
          Email: renee.hunter@usdoj.gov

          */s/ Ryan Raybould*
          RYAN RAYBOULD
          Assistant United States Attorney
          Kansas State Bar No. 25429
          1100 Commerce Street, 3rd Floor
          Dallas, Texas  75242
          Telephone:   214-659-8713
          Email: ryan.raybould2@usdoj.gov

## CERTIFICATE OF SERVICE

     I hereby certify that on October 14, 2019, I electronically filed the foregoing omnibus response via ECF.

          */s/ Douglas B. Brasher*
          DOUGLAS B. BRASHER