IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN PAUL COOPER (02)<br>WALTER NEIL SIMMONS (03)<br>WILLIAM F. ELDER-QUINTANA (04)<br>JEFFRY DOBBS COCKERELL (07)<br>STEVEN BERNARD KUPER (08)<br>MICHAEL JOHN KISELAK (12) | No. 3:16-CR-60-M |

**GOVERNMENT'S OBJECTIONS TO EXHIBITS DEFENDANTS**
**INTEND TO INTRODUCE THROUGH SPECIAL AGENT MCCARDEL**

The government files these written objections to the lists of exhibits that the defendants have indicated they intend to introduce through Special Agent McCardel. Now that the government has finished SA McCardel's direct examination (subject to a continuation of his direct for Exhibits 350 and 356) the list of objections has been updated to include objections to exhibits that would take SA McCardel's cross-examination beyond the scope of his direct examination.[1]

The government has offered to stipulate to the authenticity of all of the emails obtained through search warrants in this case, so there is no need to authenticate them through SA McCardel. And while the government may introduce the defendants' statements through SA McCardel as non-hearsay statements and/or through exceptions to

---

[1] SA McCardel has not been subpoenaed by any defendant and was not listed as a witness on any of the defense witness lists.

the hearsay rule, the defendants cannot offer their own statements through SA McCardel because they are hearsay and not statements of their opponent. *United States v. Sanjar*, 876 F.3d 725, 739 (5th Cir. 2017) ("When offered by the government, a defendant's out-of-court statements are those of a party opponent and thus not hearsay. Fed. R. Evid. 801(d)(2). When offered by the defense, however, such statements are hearsay (the defendant may, of course, reiterate the out-of-court statements on the stand if he chooses to testify)."), *cert. denied sub nom. Main v. United States,* 138 S. Ct. 1577 (2018).

| Exhibit | Objection |
|---|---|
| Cooper 077 | (Moot – admitted) |
| Cooper 078 | (Moot – admitted) |
| Cooper 091 | Hearsay, beyond scope of direct |
| Cooper 107 | Hearsay (multiple levels) |
| Cooper 138 | No objection |
| Cooper 188 | Hearsay |
| Cooper 209 | No objection |
| Cooper 247 | Hearsay |
| Cooper 257 | (Moot – admitted) |
| Cooper 318 | Hearsay, beyond scope of direct |
| Cooper 346 | Hearsay, relevance, beyond scope of direct |
| Cooper 347 | No objection |
| Cooper 348 | Hearsay, relevance, 403 confusion of the issues, no privilege waiver provided for these attorneys, beyond the scope of direct |
| Cooper 349 | Hearsay, relevance, 403 confusion of the issues, no privilege waiver provided for these attorneys, beyond the scope of direct |
| Cooper 350 | No objection |
| Cooper 351 | Hearsay, beyond the scope of direct |
| Cooper 352 | Hearsay, beyond the scope of direct |

| Exhibit | Objection |
|---|---|
| Cooper 353 | Beyond the scope of direct |
| Cooper 358 | No objection |
| Cooper 359 | Was not provided to the government until 8:11 p.m. on 11/18/2019, authenticity, lack of foundation, hearsay |
| Cooper 360 | No objection |
| Cooper 361 | No objection |
| | |
| Simmons 031 | Hearsay, lack of foundation, beyond the scope of direct |
| Simmons 035 | Hearsay, relevance, beyond the scope of direct |
| Simmons 036 | Hearsay, relevance, beyond the scope of direct |
| Simmons 047 | Hearsay, relevance, previously denied admission through Cesario, beyond the scope of direct |
| Simmons 067 | Hearsay, beyond the scope of direct |
| Simmons 069 | Hearsay (multiple levels), relevance/403, beyond the scope of direct |
| Simmons 080 | Hearsay, relevance, beyond the scope of direct |
| Simmons 127 | Hearsay, beyond the scope of direct |
| Simmons 142 | Hearsay, no privilege waiver provided for Jeff Cohen, therefore it is improper to use this memo to establish an advice of counsel defense |
| Simmons 143 | Hearsay, beyond the scope of direct |
| Simmons 146 | Hearsay |
| Simmons 148 | Hearsay |
| Simmons 149 | Hearsay |
| Simmons 212 | Hearsay, beyond the scope of direct |
| Simmons 216 | No objection |
| Simmons 278 | No objection |
| Simmons 295 | Relevance/403, authenticity, lack of foundation, beyond the scope of direct |

| Exhibit | Objection |
|---|---|
| Simmons 296 | Relevance, authenticity, lack of personal knowledge, , beyond the scope of direct |
| Simmons 317 | Hearsay, relevance/403, beyond the scope of direct |
| Simmons 328 | Hearsay, beyond the scope of direct |
| Simmons 331 | Hearsay, authenticity, lack of foundation, beyond the scope of direct |
| Simmons 341 | No objection |
| Simmons 350 | Hearsay |
| Simmons 363 | No objection, already admitted (maybe from another defendant's list) |
| Simmons 381 | Hearsay, beyond the scope of direct |
| Simmons 421 | Hearsay |
| Simmons 437 | Hearsay |
| Simmons 484 | Hearsay |
| Simmons 491 | Hearsay |
| Simmons 540 | Hearsay |
| Simmons 545 | Hearsay, relevance, beyond the scope of direct |
| Simmons 568 | Hearsay |
| Simmons 572 | Hearsay, relevance/403, beyond the scope of direct |
| Simmons 612 | Hearsay |
| Simmons 688 | Hearsay, beyond the scope of direct |
| Simmons 786 | Hearsay, authenticity, beyond the scope of direct |
| Simmons 829 | Hearsay |
| Simmons 830 | Hearsay |
| Simmons 831 | Hearsay, relevance, beyond the scope of direct |
| Simmons 846 | No objection (already in evidence as Government's 360) |
| Simmons 849 | Hearsay, relevance, beyond the scope of direct |

| Exhibit | Objection |
|---|---|
| Simmons 940 | Hearsay, relevance, lack of foundation, authenticity, no privilege waiver provided as to this law firm, beyond the scope of direct |
| Simmons 947 | Hearsay, relevance, lack of foundation, authenticity, beyond the scope of direct |
| Simmons 949 | Hearsay, relevance, lack of foundation, authenticity, beyond the scope of direct |
| Simmons 950 | Hearsay, relevance, lack of foundation, authenticity, beyond the scope of direct |
| Simmons 951 | Hearsay, relevance, lack of foundation, authenticity, no privilege waiver provided as to this law firm, beyond the scope of direct |
| Simmons 968 | Hearsay, relevance, lack of foundation, authenticity, beyond the scope of direct |
| | |
| Elder 006 | Hearsay, makes defense counsel a fact witness which would require disqualification and potentially a new trial, relevance, confusion of the issues, lack of foundation, authenticity, beyond the scope of direct |
| Elder 007 | Authenticity, lack of foundation, relevance/403, beyond the scope of direct |
| Elder 008 | Hearsay, beyond the scope of direct |
| Elder 021 | No objection |
| Elder 022 | Hearsay |
| Elder 023 | Hearsay |
| Elder 024 | No objection (same as Gov. 266) |
| Elder 025 | Hearsay |
| Elder 026 | Hearsay |
| Elder 031 | Hearsay |
| Elder 036 | Hearsay |
| Elder 038 | Hearsay, relevance, beyond the scope of direct |
| | |
| Kuper 049 | No objection |
| Kuper 050 | No objection |

| Exhibit | Objection |
|---|---|
| Kuper 051 | No objection |
| Kuper 072 | Hearsay, authenticity, beyond the scope of direct |
| Kuper 075 | No objection |
| Kuper 181 | Hearsay |
| Kuper 193 | Hearsay, 403 – this is being offered by Kuper to support an argument that "even the Texas AG thought Cooper was a Dandy employee." This is misleading and confusing, as this is a form letter triggered by the filing of payroll taxes, which we do not dispute were paid, beyond the scope of direct |
| Kuper 194 | Hearsay |
| Kuper 204 | No objection |
| Kuper 205 | No objection |
| Kuper 208 | No objection |
| Kuper 209 | No objection |
| Kuper 245 | Already admitted as Kiselak 107 or 109 |
| Kuper 246 | Already admitted as Kiselak 107 or 109 |
| Kuper 302 | Hearsay |
| Kuper 311 | Hearsay |
| Kuper 312 | Hearsay (this is the attachment to 311) |
| Kuper 321 | Already admitted as Kiselak 107 or 109 |
| Kuper 322 | Already admitted as Kiselak 107 or 109 |
| Kuper 324 | Already admitted as Kiselak 107 or 109 |
| Kuper 339 | Already admitted as Kiselak 107 or 109 |
|  |  |
| Kiselak 017 | (Moot – Admitted) |
| Kiselak 018 | (Moot – Admitted) |
| Kiselak 066 | Hearsay |
| Kiselak 070 | No objection |
| Kiselak 071 | Hearsay |
| Kiselak 076 | Hearsay |

| Exhibit | Objection |
|---|---|
| Kiselak 077 | Hearsay |
| Kiselak 078 | Hearsay |
| Kiselak 079 | Hearsay |
| Kiselak 080 | Hearsay |
| Kiselak 081 | Hearsay |
| Kiselak 082 | Hearsay |
| Kiselak 083 | Hearsay |
| Kiselak 085 | Hearsay |
| Kiselak 086 | Hearsay |
| Kiselak 087 | Hearsay |
| Kiselak 090 | No objection (same as Gov. 198) |
| Kiselak 092 | Hearsay |
| Kiselak 093 | Hearsay |
| Kiselak 094 | Hearsay |
| Kiselak 095 | Hearsay |
| Kiselak 096 | Hearsay |
| Kiselak 097 | Hearsay |
| Kiselak 099 | Hearsay |
| Kiselak 100 | Hearsay |
| Kiselak 101 | Hearsay |

Respectfully submitted,
ERIN NEALY COX
UNITED STATES ATTORNEY

*/s/ Douglas B. Brasher*
DOUGLAS B. BRASHER
Assistant United States Attorney
Texas State Bar No. 24077601
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8604
Email: douglas.brasher@usdoj.gov

*/s/ Renee M. Hunter*
RENEE M. HUNTER
Assistant United States Attorney
Texas State Bar No. 24072942
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8798
Email: renee.hunter@usdoj.gov

*/s/ Ryan Raybould*
RYAN RAYBOULD
Assistant United States Attorney
Kansas State Bar No. 25429
1100 Commerce Street, 3rd Floor
Dallas, Texas 75242
Telephone: 214-659-8713
Email: ryan.raybould2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2019, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to counsel of record for all defendants.

*/s/ Douglas B. Brasher*
DOUGLAS B. BRASHER

**Government's Objections to Exhibits Defendants
Intend to Introduce through Special Agent McCardel—Page 8**